KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah   84114-0856
Telephone: (801) 366-0100
Email: kkaiser@utah.gov

*Attorneys for Davis County School District, Bryan Bowles, Craig Poll, Pamela Park, Craig Carter, Dee Burton , Richard Firmage, Ryan Bishop, Kathy Evans, and Scott Nielson*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADRIAN PEREZ-TAMAYO, an individual, GINA MUSCOLINO, an individual, and JOSE PEREZ-TAMAYO, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>DAVIS COUNTY SCHOOL DISTRICT, a political subdivision of the State of Utah DAVIS HIGH SCHOOL, a political subdivision of the State of Utah, BRIANNE LAND ALTICE, an individual, BRYAN BOWLES, Superintendent, CRAIG POLL, Assistant Superintendent, PAMELA PARK, Assistant Superintendent, CRAIG CARTER, Assistant Superintendent, DEE BURTON , Principal, RICHARD FIRMAGE, Assistant Principal, RYAN BISHOP, Assistant Principal, CATHY EVANS, Assistant Principal, DAVE NIELSON, Assistant Principal and DOES 1-10.<br><br>Defendants. | **DEFENDANT DEE BURTON'S ANSWERS TO COMPLAINT AND JURY DEMAND**<br><br><br>Case No. 1:15-cv-00157<br><br>Judge Evelyn J. Furse |

1

Defendant Dee Burton answers the *Civil Rights Complaint* filed by Plaintiffs Adrian

Perez-Tamayo, Gina Muscolino, and Jose Perez Tamayo and asserts his defenses as follows:

**PARTIES**

1.      Burton admits the allegations made in paragraph 1 of the Complaint that Adrian

Perez-Tamayo resides in Davis County, Utah and that at the time of the alleged incidents was a

minor child.

2.      Burton admits the allegations made in paragraph 2 of the Complaint that Gina

Muscolino is and adult woman, is Adrian's mother, and resides in Davis County, Utah.

3.      Burton admits the allegations made in paragraph 3 of the Complaint that Jose

Perez-Tamayo is and adult man, is Adrian's father, and resides in Davis County, Utah.

4.      Burton admits that DCSD is a government entity in the State of Utah. However the

address for DCSD is 45 East State Street, Farmington, Utah 84025.

5.      Burton denies that DHS is a governmental entity subject to suit.   He admits that the

address for DHS is 325 S. Main Street, Kaysville, Utah.   Defendant Burton denies any remaining

allegations made in paragraph 5 of the Complaint.

6.      Burton admits the allegation made in paragraph 6 of the Complaint that Bryan

Bowles was the Superintendent of DCSD at all times relevant to the allegations made in the

Complaint.

7.      Burton admits the allegation made in paragraph 7 of the Complaint that Craig Poll

was an Assistant Superintendent of DCSD at all times relevant to the allegations made in the

Complaint.

2

8.      Burton admits the allegation made in paragraph 8 of the Complaint that Pamela Park was an Assistant Superintendent of DCSD at all times relevant to the allegations made in the Complaint.

9.      Burton denies the allegation made in paragraph 9 of the Complaint that Craig Carter was an Assistant Superintendent of DCSD at all times relevant to the allegations made in the Complaint.   Defendant Carter's title at the time was Business Administrator for DCSD.

10.     Burton admits the allegation made in paragraph 10 of the Complaint that he was the Principal of Davis High School at all times relevant to the allegations made in the Complaint.

11.     Burton admits the allegation made in paragraph 11 of the Complaint that Richard Firmage was a Vice Principal of Davis High School at all times relevant to the allegations made in the Complaint.

12.     Burton denies the allegation made in paragraph 12 of the Complaint that Ryan Bishop was a Vice Principal of Davis High School at all times relevant to the allegations made in the Complaint. Burton affirmatively asserts that Mr. Bishop had no administrative responsibilities for Davis High School during that period of time.

13.     Burton admits the allegation made in paragraph 13 of the Complaint that Kathy Evans was a Vice Principal of Davis High School at all times relevant to the allegations made in the Complaint.

14.     Burton denies the allegation made in paragraph 14 of the Complaint that Dave Nielson was a Vice Principal of Davis High School at all times relevant to the allegations made in the Complaint. Burton affirmatively asserts that Plaintiffs have incorrectly named Dave Nielson

3

and meant to name Scott Nielson as a defendant.

      15.    Burton admits the allegations in paragraph 15 of the Complaint and that all times relevant to the allegations in the Complaint Brianne Altice was an English teacher employed by DCSD and Davis High School. Burton denies the allegation in paragraph 15 of the Complaint that Ms. Altice is a resident of South Weber, Utah and affirmatively asserts that she is currently residing at the Utah State Prison.

<strong>JURISDICTION</strong>

      16.    Burton admits the allegation made in paragraph 16 of the Complaint that the Court has subject-matter jurisdiction over this matter, but denies that Plaintiffs have stated a claim or are entitled to any relief.

      17.    Burton admits the allegation made in paragraph 17 of the Complaint that the Court has subject-matter jurisdiction over this matter, but denies that Plaintiffs have stated a claim or are entitled to any relief.

      18.    Burton denies the allegations made in paragraph 18 of the Complaint as any State law claims have already been dismissed in state court proceedings and he is immune from suit for state common law claims under the Governmental Immunity Act of Utah.

      19.    Burton denies the allegations made in paragraph 19 of the Complaint that a hostile educational environment existed at DHS, or that Plaintiffs are entitled to any relief.

      20.    Burton denies the allegations made in paragraph 20 of the Complaint that Plaintiffs have been deprived of any right under the Fourteenth Amendment or that they are entitled to any relief.

21.     Burton denies the allegations made in paragraph 21 of the Complaint.

**VENUE**

22.     Burton admits the allegation made in paragraph 22 that venue is proper for this matter.

**FACTS**

23.     Burton incorporates by reference his answers to the allegations set forth in the preceding paragraphs.

24.     Burton lacks sufficient knowledge to admit or deny the allegations made in paragraph 24 of the Complaint, and therefore denies those allegations.

25.     Burton denies that he had any knowledge of any improper relationships that Ms. Altice had with minor children before she was offered a teaching position at Davis High School. He lacks sufficient knowledge to admit or deny the allegations made in paragraph 25 of the Complaint as relating to any other Defendant and therefore denies those allegations.

26.     Burton denies the allegations made in paragraph 26 of the Complaint. Burton affirmatively asserts that DHS administration discussed the issue that occurred in the park with Ms. Altice and Adrian, and instructed her it was inappropriate to meet with students alone outside of school hours. Ms. Altice was not reprimanded for her manner of dress.

27.     The allegations in paragraph 27 of the Complaint are vague as to time, and thus Burton cannot accurately admit or deny the allegations in the paragraph. Burton admits that, at some time, Ms. Altice was Adrian's teacher.   Any remaining allegations are denied.

28.     The allegations in paragraph 28 appear to be legal conclusions, to which no

5

response is necessary.   To the extent a response is necessary, Burton admits that teachers are included in the definition of a "position of special trust" as defined by Utah Code § 76-5-404.1 and that, at some time, Ms. Altice was Adrian's teacher.   Burton denies any additional implied allegations of paragraph 28, including that such a legal definition affects any claims of liability brought against him.

29.     Burton lacks sufficient knowledge to admit or deny the allegations made in paragraph 29 of the Complaint, and therefore denies those allegations.

30.     Burton lacks sufficient knowledge to admit or deny the allegations made in paragraph 30 of the Complaint, and therefore denies those allegations. Burton affirmatively asserts that teachers are trained to instruct students to go where they are supposed to be.

31.     Burton lacks sufficient knowledge to admit or deny the allegations made in paragraph 31 of the Complaint, and therefore denies those allegations.

32.     Burton denies the allegations made in paragraph 32 of the Complaint. Burton affirmatively asserts that he has never spoken with Adrian's parents.

33.     Burton denies the allegations made in paragraph 33 of the Complaint, to the extent they are directed at him.

34.     Burton lacks sufficient knowledge to admit or deny the allegations made in paragraph 34 of the Complaint, and therefore denies those allegations.

35.     Burton lacks sufficient knowledge to admit or deny the allegations made in paragraph 35 of the Complaint, and therefore denies those allegations.

36.     Burton lacks sufficient knowledge to admit or deny the allegations made in

paragraph 36 of the Complaint, and therefore denies those allegations.

37.     Burton lacks sufficient knowledge to admit or deny the allegations made in paragraph 37 of the Complaint, and therefore denies those allegations.

38.     Burton denies the allegations made in paragraph 38 of the Complaint.

39.     Burton lacks sufficient knowledge to admit or deny the allegations made in paragraph 39 of the Complaint, and therefore denies those allegations.

40.     The allegations made in paragraph 40 are vague as to time and identity, and a precise response to the allegations is impossible.   To the extent a response is required, Burton lacks sufficient knowledge to admit or deny the allegations made in paragraph 40 of the Complaint and therefore denies those allegations.

41.     Burton lacks sufficient knowledge to admit or deny the allegations made in paragraph 41 of the Complaint, and therefore denies those allegations.

42.     Burton denies the allegations made in paragraph 42 of the Complaint.

43.     The allegations made in paragraph 43 of the Complaint call for a legal conclusion, and no response is necessary.   To the extent a response is necessary, Burton denies the allegations.

## THE DUTIES OWED TO ADRIAN AND HIS PARENTS

44.     The allegations made in paragraph 44 of the Complaint call for a legal conclusion, and are vague.   To the extent a response is required, Burton admits, in general, the Davis School District has certain obligations to ensure the safety of its students, but denies all remaining allegations.

45.     The allegations made in paragraph 45 of the Complaint call for a legal conclusion, and no response is required.   To the extent a response is required, Burton lacks sufficient knowledge to admit or deny the allegations made in paragraph 45 of the Complaint, and therefore denies them.

46.     The allegations made in paragraph 46 and its subparagraphs a-l of the Complaint call for a legal conclusion and therefore a response is not required.   To the extent a response is required, Burton denies that he owed the duties listed in paragraph 46, and denies that Plaintiffs are entitled to any relief.

### DEFENDANTS' FAILURES

47.     Burton denies the allegations made in paragraph 47 and its subparagraphs a-l of the Complaint.

As to the allegations made in paragraph 47(d) and (f), Burton affirmatively asserts that DHS did not hire Ms. Altice as a teacher. Ms. Altice was part of an involuntary transfer from another school in the District and DHS had no choice but to place her in that teaching position.

As to the allegations paragraph 47(j), Burton affirmatively asserts that when he and other named Defendants became aware of Ms. Altice's actions DHS officials immediately placed her on administrative leave and later terminated her employment.

48.     Burton denies the allegations made in paragraph 48 of the Complaint.

49.     Burton denies the allegations made in paragraph 49 of the Complaint.

50.     Burton denies the allegations made in paragraph 50 of the Complaint.

51.     Burton denies the allegations made in paragraph 51 of the Complaint.

8

52.     Burton lacks sufficient knowledge to admit or deny the allegations made in paragraph 52 of the Complaint and therefore denies those allegations.

53.     Burton lacks sufficient knowledge to admit or deny the allegations made in paragraph 53 of the Complaint and therefore denies those allegations.

## UTAH STATE COMMON LAW CLAIMS

### FIRST CAUSE OF ACTION

54.     Burton incorporates by reference his answers to the allegations set forth in the preceding paragraphs.

55.     To the extent they are directed at him, Burton admits the allegations made in paragraph 55 of the Complaint.

56.     The allegations made in paragraph 56 of the Complaint call for a legal conclusion to which no response is required.   To the extent a response is required, and to the extent the allegations are directed at him, Burton denies the allegations.

57.     The allegations made in paragraph 57 of the Complaint call for a legal conclusion to which no response is required.   To the extent a response is required, and to the extent the allegations are directed at him, Burton denies the allegations.

58.     Burton denies the allegations made in paragraph 58 of the Complaint.

59.     Burton denies the allegations made in paragraph 59 of the Complaint.

### SECOND CAUSE OF ACTION

60.     Burton incorporates by reference his answers to the allegations set forth in the preceding paragraphs.

61.     The allegations in paragraph 61 of the Complaint call for a legal conclusion to which no response is necessary.   To the extent a response is necessary, and to the extent the allegations are directed at him, Burton denies the allegations.

62.     Burton denies the allegations made in paragraph 62 of the Complaint.

63.     Burton denies the allegations made in paragraph 63 of the Complaint.

### THIRD CAUSE OF ACTION

64.      Burton incorporates by reference his answers to the allegations set forth in the preceding paragraphs.

65.     The allegations in paragraph 65 of the Complaint call for a legal conclusion to which no response is necessary.   To the extent a response is necessary, and to the extent the allegations are directed at him, Burton denies the allegations.

66.     Burton denies the allegations made in paragraph 66 of the Complaint.

67.     Burton denies the allegations made in paragraph 67 of the Complaint.

68.     Burton denies the allegations made in paragraph 68 of the Complaint.

69.     Burton denies the allegations made in paragraph 69 of the Complaint.

### FOURTH CAUSE OF ACTION

70.     Burton incorporates by reference his answers to the allegations set forth in the preceding paragraphs.

71.     Burton denies the allegations made in paragraph 71 of the Complaint.

72.     Burton denies the allegations made in paragraph 72 of the Complaint.

73.     Burton lacks sufficient knowledge to admit or deny the allegations made in

paragraph 73 of the Complaint and therefore denies those allegations.

74.    Burton denies the allegations made in paragraph 74 of the Complaint.

## FIFTH CAUSE OF ACTION

75.    Burton incorporates by reference his answers to the allegations set forth in the preceding paragraphs.

76.    Burton denies the allegations made in paragraph 76 of the Complaint.

77.    Burton denies the allegations made in paragraph 77 of the Complaint.

78.    Burton denies the allegations made in paragraph 78 of the Complaint.

79.    Burton denies the allegations made in paragraph 79 of the Complaint.

## FEDERAL CLAIMS

## SIXTH CAUSE OF ACTION
## Claims under 20 U.S.C. 1681

80.    Burton incorporates by reference his answers to the allegations set forth in the preceding paragraphs.

81.    Burton admits the allegations made in paragraph 81 of the Complaint.

82.    Burton admits the allegation made in paragraph 82 of the Complaint that Adrian Tamayo was a student of Davis High School. The remaining allegation calls for a legal conclusion to which no response is necessary. To the extent a response is necessary, the allegation is denied.

83.    In paragraph 83 of the Complaint, "School Officials" is not defined, and thus a response is impossible.   To the extent a response is necessary, Burton admits the allegations made in paragraph 83 of the Complaint that he was an employee of DCSD. Burton denies the remainder of the allegations made in paragraph 83 of the Complaint. Burton affirmatively asserts that when it

11

became known to DHS officials that Ms. Altice had an inappropriate relationship with Adrian she was immediately placed on administrative leave and later terminated.

84.     In paragraph 84 of the Complaint, "School Officials" is not defined, and thus a response is impossible.   To the extent a response is necessary, Burton denies the allegations made in paragraph 84 of the Complaint. Burton affirmatively asserts that when it became known to DHS officials that Ms. Altice had an inappropriate relationship with Adrian she was immediately placed on administrative leave and later terminated. Ms. Altice was also prosecuted for her actions and is currently serving a two to thirty year prison sentence.

85.     In paragraph 85 of the Complaint, "School Officials" is not defined, and thus a response is impossible.   To the extent a response is necessary, Burton denies the allegations made in paragraph 85 of the Complaint.

86.     Burton denies the allegations made in paragraph 86 of the Complaint.

87.     Burton denies the allegations made in paragraph 87 of the Complaint.

88.     Burton denies the allegations made in paragraph 88 of the Complaint.

89.     Burton denies the allegations made in paragraph 89 of the Complaint.

## SEVENTH CAUSE OF ACTION
(As to all Defendants excluding Ms. Altice)

90.     Burton incorporates by reference his answers to the allegations set forth in the preceding paragraphs.

91.     Burton admits the allegations made in paragraph 91 of the Complaint.

92.     In paragraph 92 of the Complaint, "School Official Defendants" is not defined, and thus a response is impossible.   To the extent a response is necessary, Burton admits that he was

employed with DCSD at all times relevant, and that DCSD was created to provide public education to the children who reside within its boundaries.   Burton denies any remaining allegations made in paragraph 92 of the Complaint.

93.     The allegations made in paragraph 93 of the Complaint call for a legal conclusion, and no response is necessary.   Further, "identifiable class" is vague and undefined.   It is the Plaintiffs' burden to identify the class subject to protection.   To the extent any additional allegations remain, Burton denies them.

94.     The allegations made in paragraph 94 of the Complaint call for a legal conclusion, and no response is necessary.   To the extent a response is necessary, Burton denies the allegation as to him.

95.     Burton denies the allegations made in paragraph 95 of the Complaint.

96.     Burton denies the allegations made in paragraph 96 of the Complaint.

97.     Burton denies the allegations made in paragraph 97 of the Complaint.

98.     Burton denies the allegations made in paragraph 98 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any and all injuries and damages Plaintiffs claim are the result of their own actions or omissions, or from the acts or omissions of third parties over whom Burton had no authority or control.

13

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are governed by and subject to the Governmental Immunity Act of Utah (the "Act") Utah Code Ann. §§ 63G-7-101 through 904. Plaintiffs' claims against the Burton are barred in their entirety.   Plaintiffs' claims are also limited by Utah Code Ann. §§ 63G-7-401, 402, 603, and 604 or otherwise to the extent plaintiffs have failed to comply with the Act's provisions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover to the extent they have failed to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped and barred from recovering any damages that are remote or speculative.

### SIXTH AFFIRMATIVE DEFENSE

Burton asserts truth, and absolute, conditional, qualified, and official privileges as defenses.

### SEVENTH AFFIRMATIVE DEFENSE

Burton is entitled to qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE

There is no *respondeat superior* liability or strict supervisor liability for constitutional violations or civil rights actions under 42 U.S.C. § 1983.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrines of waiver, estoppel, and *res judicata*.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Burton in his official capacity are barred by Eleventh Amendment Immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

Burton asserts all other affirmative defenses available to them.   Burton also asserts all applicable affirmative defenses contained in Rule 8(c) of the Utah Rules of Civil Procedure, including assumption of risk, contributory negligence, estoppel, waiver, and laches.

## PRAYER

**WHEREFORE**, Burton prays that Plaintiff's Complaint be dismissed with prejudice, as no cause of action, and that they be awarded their costs incurred in defending this lawsuit and for such other relief as the Court deems just.

## JURY DEMAND

Burton demands a trial by jury of all issues in this action triable of right by a jury.

DATED this 28th day of March, 2016.

SEAN D. REYES
Utah Attorney General


/s/ Kyle J. Kaiser
KYLE J. KAISER
Assistant Utah Attorney General
Attorney for Dee Burton

15

## CERTIFICATE OF SERVICE

I certify that on March 28, 2016, I electronically filed the foregoing, **DEFENDANT DEE BURTON'S ANSWERS TO COMPLAINT AND JURY DEMAND**, using the Court's CM/ECF system causing it to be served electronically on Plaintiff's counsel:

R. Matthew Feller
Mark L. Carlson
FELLER & WENDT, LLC
1834 East 3100 North
Layton, Utah 84040
mattfeller@fellerwendt.com
markcarlson@fellerwendt.com

/s/ Mandi Bartlett

16