Karthik Nadesan (10217)
Michael Beck (10381)
Nadesan Beck P.C.
8 East Broadway, Suite 625
Salt Lake City, Utah 84111
Telephone: (801) 363-1140
Email: karthik@nadesanbeck.com
*Attorneys for Joseph Guild-Wolff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ADRIAN PEREZ-TAMAYO, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DAVIS COUNTY SCHOOL DISTRICT, et al.<br><br>Defendants. | **OPPOSITION TO MOTION TO CONSOLIDATE**<br><br>Case No. 1:15-cv-00157-EJF<br><br>Judge Evelyn J. Furse |

Pursuant to DUCivR 7-1, Intervenor Joseph Guildwolff ("Joey"), through counsel, hereby opposes Defendants' Motion to Consolidate.

## INTRODUCTION

Defendant's Motion to Consolidate should be denied because the parties to the lawsuit in which Joey is plaintiff have not consented to magistrate judge jurisdiction. As a result, this Court lacks the jurisdiction to consolidate Joey's case into this one. In addition, requesting consent after consolidation is contrary to the requirements of 28 U.S.C. § 636 and would defeat Federal Rule of Civil Procedure 73's safeguards for protecting the voluntariness of the parties' consent to magistrate judge jurisdiction. Alternatively, consolidation is not proper because the parties have already stipulated to joint discovery and depositions. Therefore, given the different plaintiffs, cause of action, theories of liability, and individualized damages in each case, any

efficiency resulting from consolidating motions and trial in the two cases is outweighed by the potential for jury confusion and resulting prejudice to Joey.

## RELEVANT FACTS

1. In approximately 2013, Defendant Brianne Altice was employed as a teacher by Defendants Davis County School District and Davis High School.

2. During the course of her employment, Altice engaged in inappropriate sexual relationships with several of her students, including Joey and Plaintiff Adrian Perez-Tamayo.

3. On December 15, 2015, Perez-Tamayo and his parents filed this lawsuit alleging breach of fiduciary duty, negligence, infliction of emotional distress, discrimination, and civil rights violations.

4. On December 24, 2015, Joey filed Case No.1:15-cv-162 (Joey's Lawsuit), alleging discrimination, civil rights violations, retaliation, negligence, and breach of fiduciary duty.

5. All parties in this case (with the exception of Joey) have consented to magistrate judge jurisdiction.

6. The parties to Joey's Lawsuit have not consented to magistrate judge jurisdiction.

7. On September 20, 2016, Defendants (with the exception of Altice) filed a motion to consolidate Joey's Lawsuit with this case.

## ARGUMENT

Defendants' Motion should be denied because Joey has not consented to magistrate judge jurisdiction and the prejudice and confusion resulting from consolidation would outweigh any increased judicial efficiency.

A.  **THE PARTIES TO JOEY'S LAWSUIT HAVE NOT CONSENTED TO MAGISTRATE JURISDICTION.**

As a preliminary matter, Joey's Lawsuit cannot be consolidated with this case because the parties to Joey's Lawsuit have not consented to magistrate judge jurisdiction. A magistrate judge may only conduct a trial in a civil matter and order the entry of judgment "**upon the consent of the parties**." 28 U.S.C. § 636(c)(1) (emphasis added). While the parties in this case have consented to magistrate judge jurisdiction, the parties to Joey's Lawsuit have not.[1] As a result, Joey's Lawsuit cannot be consolidated into this case unless the parties to Joey's Lawsuit have consented to magistrate judge jurisdiction. And, when confronted with similar circumstances, district courts in other jurisdictions have routinely denied consolidation.[2]

Joey anticipates that Defendants will argue that the issue of consent can be remedied by requesting the parties consent to magistrate judge jurisdiction yet again after consolidation. However, such a procedure would be contrary to the express language of 28 U.S.C. § 636 and would violate this Court's established safeguards for protecting the parties from undue persuasion or pressure to consent to magistrate judge jurisdiction. First, 28 U.S.C. § 636 only

---

[1] As an intervenor solely for the purpose of opposing consolidation, Joey has not consented to magistrate judge jurisdiction.

[2] See e.g. Black v. Allegheny County, Case No. 13-179 (W.D. Penn. Apr. 20, 2015) (holding that the court lacked jurisdiction to consolidate because all the parties to one of the cases had not consented to magistrate judge jurisdiction); Desch v. Allegiant Air LLC, Caes No. CV 12-02504-PHX-FJM (conditionally granting consolidation pending consent by all the parties and vacating consolidation if timely written consent was not received); Solannex, Inc. v. Miasole, Inc., Case No. 11-CV-00171-PSG, (N.D. Cal. May 23, 2012) (denying consolidation when one of the parties had not consented to a magistrate judge because consolidation would violate their "undisputed right to proceed before an Article III judge," despite the court being "persuaded of the likelihood that there will be an unduly burdensome duplication of labor, expense or conflicting results if the cases proceed before different judges"); Back v. Carter, 933 F. Supp. 738, 748 (N.D. Ind. 1996) (denying motion to consolidate because, when parties in one of the cases had not consented to magistrate judge jurisdiction, allowing consolidation "would force the parties … to proceed in front of the magistrate against their will"). C.f. Cin-Q Auto., Inc. v. Buccaneers Limited Partnership, Case No. 8:13-cv-01592-T-AEP (M.D. Fl. May 18, 2015) (granting consolidation after noting that "the parties in both cases have previously consented to [magistrate judge] jurisdiction").

permits the clerk of the court to request consent for magistrate judge jurisdiction at the time the action is filed.  More specifically, "[i]f a magistrate is designated to exercise civil jurisdiction … the clerk of court shall, **at the time the action is filed**, notify the parties of their right to consent to the exercise of such jurisdiction."  28 U.S.C. § 636(c)(2) (emphasis added).  "**Thereafter**, **neither** the district judge nor the magistrate shall attempt to persuade or induce any party to consent to reference of any civil matter to a magistrate."  Id. (emphasis added).  Here, the court of clerk did not notify the parties to Joey's Lawsuit of their right to consent to magistrate judge jurisdiction.  As a result, the express terms of Section 636 prohibit this Court from requesting or otherwise attempting to induce any party in Joey's Lawsuit to consent to magistrate judge jurisdiction after consolidation.

Furthermore, requesting that the parties provide consent for magistrate judge jurisdiction after consolidation would defeat the safeguards adopted by the Federal Rules of Civil Procedure and this Court.  "Rules of court for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent."  28 U.S.C. § 636(c)(2).  Rule 73 adopts such a procedure, stating that a "district court judge or magistrate judge may be informed on a party's response to the clerk's notice **only** if all parties have consented to the referral."  FED. R. CIV. P. 73(b).  As explained by the Advisory Committee, Rule 73(b) "implements the blind consent provision of 28 U.S.C. § 636(c)(2) and is designed to ensure that neither the judge nor the magistrate attempts to induce a party to consent to reference of a civil matter under this rule to a magistrate."  Id. Advisory Committee Note.  The defendants common to Joey's Lawsuit and this case have already consented to magistrate judge jurisdiction in this case.  As a result, Rule 73(b)'s blind consent provision no longer protects the anonymity of the parties' consent because the only party that has yet to grant consent is Joey.  Irrespective of the Court's intent, this creates considerable pressure for Joey to consent because, if all the parties to Joey's Lawsuit do not consent to magistrate judge jurisdiction, the Court will know that the party who did not consent was Joey.  Accordingly, it is not practical for the Court to request consent after consolidation

because the Court's safeguards for protecting the voluntariness of Joey's consent would no longer be effective.

In summary, the lack of consent to a magistrate judge in Joey's Lawsuit presents an insurmountable obstacle to consolidation. Consolidating the cases without consent would violate the jurisdictional requirements of 28 U.S.C. 636. Furthermore, requesting consent after consolidation is not authorized under 28 U.S.C. 636 and would undermine the Court's procedural safeguards. Accordingly, the Court must deny consolidation for lack of jurisdiction.[3]

### B.  CONSOLIDATION OF THE LAWSUITS FOR TRIAL WOULD PREJUDICE JOEY AND CONFUSE THE JURY.

Alternatively, consolidation should be denied because the prejudice to Joey and potential for jury confusion would outweigh any judicial efficiency resulting from consolidation. "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). Furthermore, pursuant to this Court's local rules, a party may seek consolidation if the case or matters, "(i) arise from substantially the same transaction or event; (ii) involve substantially the same parties or property; (iii) involve the same patent, trademark, or copyright; (iv) call for determination of substantially the same questions of law; or (v) for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges. DUCivR 42-1. "[T]he party seeking consolidation has the burden of establishing consolidation is proper." Phillip M. Adams & Assocs., LLC v. Dell Inc., 1:05-cv-64-TS, 2008 WL 203316, at *2 (D. Utah Jan. 23, 2008).

However, the presence of a common question of law or fact is not sufficient to justify

---

[3] While Defendants may argue that the Court should consolidate the cases and then reassign the consolidated cases to a new judge, this would be highly unusual and give rise to the appearance of judge shopping since both the judges in both Joey's Lawsuit and this case would be replaced.

consolidation.  "If cases involve some common issues but the individual issues predominate, consolidation should be denied." Leeds v. Matrixx Initiatives, Inc., Case No. 2:10-cv-199 DAK, 2012 WL 1119220 (D. Utah Apr. 2, 2012).  Furthermore, in determining whether to consolidate, "the court must weigh the costs versus the benefits of consolidation" and deny consolidation if "any judicial economy gained through consolidation is outweighed by potential prejudice caused by evidence relating to only one plaintiff and jury confusion." Id.  Lastly, even where warranted, "consolidation is not mandatory." Zisumbo v. Ogden Reg'l Med. Ctr., No. 1:12-cv-91, 2012 WL 4795655, at * (D. Utah Oct. 9, 2012).  Here, Defendants have failed to meet their burden of establishing that consolidation is proper.  While Defendants correctly point out that there are some common questions of fact between this case and Joey's Lawsuit, there are also significant differences between the cases.

First, the causes of action in the two lawsuits arise from different events.  Plaintiff's causes of action in this case arise from Defendant Brianne Altice's improper sexual relationship with Adrian Perez-Tamayo.  On the other hand, Joey's cause of action arise from Altice's improper relationship with Joey.  The two relationships at issue were separate and distinct – they involved different meetings, at different times, that involved and were witnessed by different people.  Therefore, while they may have occurred in close temporal proximity, the two different relationships were not "substantially the same transaction or event."

Second, the two cases do no involve "substantially the same parties or property."  While the defendants in Joey's lawsuit are also defendants in this case, the plaintiffs are different.  Significantly, the claims in this lawsuit are brought not only by Perez-Tamayo, but also his parents.  Joey is the only plaintiff in his lawsuit.  And, as Defendants concede, this case has additional defendants who are not party to Joey's Lawsuit.

Third, as Defendants' have admitted, neither this lawsuit nor Joey's involves any intellectual property rights.

Fourth, while both cases involve some common questions of law and fact, they also

present questions of law and fact that are unique to each plaintiff. For example, while the knowledge of Defendants regarding Altice's conduct and their diligence in hiring and supervising Altice are common to both cases, the effect of Altice's conduct on the plaintiffs and the resulting damages are unique to each plaintiff. For example, whether Altice's conduct was sufficiently egregious to result in deprivation of each plaintiff's civil rights is highly fact dependent. Furthermore, the damages resulting from Altice's conduct is unique to each plaintiff. For example, because Joey had been previously abused as a child, he was particularly susceptible to the harmful consequences of Altice's conduct and suffered more harm than a student who had not been abused. In addition, because Perez-Tamayo's parents are plaintiffs, this case will involve additional theories of liability that are absent from Joey's Lawsuit. Similarly, the two cases also assert different causes of action. The plaintiffs in this lawsuit assert infliction of emotional distress while Joey does not. And Joey asserts retaliation while the plaintiff in this case do not.

The difference between this case and Joey's lawsuit in terms of causes of action, plaintiffs, theories of liability, and damage are especially significant given the likelihood of prejudice and confusion they present. A jury could easily conflate theories of liability or causes of action unique to Pereze-Tamayo and his parents with Joey. ASimilarly, a jury could confuse the specifics and extent of Joey's damages with those of Perez-Tamayo and his parents. Indeed, other courts in this district have recognized that the need for individualized evidence regarding the nature and extent of injuries can make consolidating cases for trial "confusing, unmanageable, and perhaps inequitable," and that "[t]he desire for judicial efficiency would not be served, since the unique details of each case would still need to be presented to the jury." Leeds, 2012 WL 1119220 (quoting Hasman v. G.D. Searle & Co., 106 F.R.D. 459, 460 (E.D. Mich. 1985)). As a result, "if the unique details of each case were consolidated during a single trial, the jury's verdict might not be based on the merits of the individual cases but could potentially be a product of cumulative confusion and prejudice." Id. (quotations omitted).

The potential for confusion and prejudice especially weighs against any anticipated judicial efficiency in this case given that the parties to this case and Joey's Lawsuit have already stipulated to joint discovery and depositions.  As a result of the stipulated joint discovery, there is no possibility that the same witnesses will be deposed twice.  The only efficiencies to be gained by full consolidation are in motion practice and at trial.  However, given the differences between the cases in terms of plaintiffs, cause of action, theories of liability, and damages, any efficiency resulting from consolidation of the common questions of law and fact will be outweighed by the need for separate individualized testimony at trial, as well as the potential prejudice to Joey resulting from confusion between the two sets of plaintiffs.

In summary, Defendants have failed to meet their burden of establishing that consolidation is proper and that any judicial efficiencies from consolidation outweigh the likely confusion from requiring the jury to try and keep the different damages and theories of liability the different plaintiffs distinct.  And while Defendants have claimed that there is a possibility of "inconsistent verdicts" which would prejudice all the parties and result in injustice, Defendants have cited no case law in support of this position.  Indeed, given the differences between the two cases, any divergence in verdicts or dispositive motions in the two cases would most likely be based on issues unique to each case.[4]

---

[4] In addition, nothing prevents the Court from consolidating hearings on dispositive motions in the unlikely event that the motions involve the same undisputed material facts and questions of law.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Consolidate should be denied.

Respectfully submitted this 11th day of October, 2016.

                                        NADESAN BECK P.C.

                                      /s/ Karthik Nadesan
                                      Karthik Nadesan
                                      Michael Beck
                                      *Attorneys for Joseph Guild-Wolff*