KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah   84114-0856
Telephone: (801) 366-0100
Email: kkaiser@utah.gov

*Attorneys for Davis County School District, Davis High School, Bryan Bowles, Craig Poll, Pamela Park, Craig Carter, Dee Burton , Richard Firmage, Ryan Bishop, Kathy Evans, and Scott Nielson*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADRIAN PEREZ-TAMAYO, an individual, GINA MUSCOLINO, an individual, and JOSE PEREZ-TAMAYO, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>DAVIS COUNTY SCHOOL DISTRICT, a political subdivision of the State of Utah DAVIS HIGH SCHOOL, a political subdivision of the State of Utah, BRIANNE LAND ALTICE, an individual, BRYAN BOWLES, Superintendent, CRAIG POLL, Assistant Superintendent, PAMELA PARK, Assistant Superintendent, CRAIG CARTER, Assistant Superintendent, DEE BURTON , Principal, RICHARD FIRMAGE, Assistant Principal, RYAN BISHOP, Assistant Principal, CATHY EVANS, Assistant Principal, DAVE NIELSON, Assistant Principal and DOES 1-10.<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE 1:15-cv-162 INTO 1:15-cv-0157**<br><br>Case No. 1:15-cv-00157<br><br>Judge Evelyn J. Furse |

Consolidation is appropriate in these cases. The fact that the lower-numbered case has been assigned to Magistrate Judge Furse through consent jurisdiction does not affect the propriety of the consolidation motion—it simply affects the procedures necessary to implement consolidation. Furthermore, the elements of Federal Rule of Civil Procedure 42(a) and DUCiv R42-1 are easily met in this case. Therefore, Defendants' Motion should be granted.

**I.      The Fact that Not All Parties Have Consented to Magistrate Judge Jurisdiction Does Not Mean that the Court Cannot Consolidate the Actions.**

Defendants' motion to consolidate may still be granted despite the fact that Plaintiff Guild-Wolff has not yet been offered the opportunity to consent to magistrate judge jurisdiction.

The Local Rules require that cases be consolidated into the lower-numbered case. DUCivR 42–1. In this instance, the lower-numbered case is presided over by Magistrate Judge Furse, pursuant to the consent of the parties in that case, as authorized by 24 U.S.C. § 636(c)(1). It is the understanding of counsel for Defendants that if the motion to consolidate is granted, the Clerk of Court will ask all parties, anonymously, to consent to Magistrate Judge Furse's jurisdiction, and if any party refuses, the consolidated case will be reassigned. Thus, no party would be deprived of their constitutional right to proceed before an Article III judge, and the Court has jurisdiction to decide the motion.[1]

---

[1] Because Plaintiff Guild-Wolff has not consented to proceed before Magistrate Judge Furse, any order of consolidation may need to be issued as a non-dispositive motion appealable to a district judge pursuant to 28 U.S.C. § 636(b)(1)(A). *See In re Pinchuk*, Nos. 13-CIV-22857-DLG, 14 CIV-20047-JEM, 2014 WL 1153027, at *1 (S.D. Fla. March 17, 2014) (not selected for publication). Alternatively, the motion could be reviewed by a district judge in the first instance. *See Bryant v. Wuerl*, Nos. 16-cv-213-pp, 15-cv-1568-nj, 2016 WL 3676464, at *2 (E.D. Wis. July 6, 2016) (not selected for publication) (eschewing the local rule requiring the magistrate judge in

The cases cited by Plaintiff Guild-Wolff to suggest that cases can never be consolidated into a consent case unless all parties previously consented to magistrate judge jurisdiction are inapposite. They involve situations in which one of the parties had actually *refused* consent to magistrate judge jurisdiction prior to consolidation,[2] in which one party attempted to skirt discovery sanctions from one case by consolidating the case into another,[3] or in which the new parties were provided the opportunity to refuse to consent prior to consolidation.[4] The Court's procedures—and the early posture of each case—ensure that all parties' rights will be protected and that no judicial inefficiencies or judge shopping will occur.

Plaintiff Guild-Wolff suggests that consolidation is improper because he would be subject to "considerable pressure" to consent to magistrate judge jurisdiction. Pl. Guild-Wolff's Opp. (doc. 34) at 4. First, these concerns have not prevented other courts from ordering consolidation, or at least conditional consolidation. *E,g.*, *Desch v. Allegiant Air LLC*, No. CV

---

the lower-numbered case to rule on a motion to consolidate where one party had refused magistrate consent in the higher-numbered case, and allowing the district judge in the higher numbered case to decide consolidation). Defendants would be amenable to alternative, reasonable procedures to ensure consolidation while protecting all parties' rights to appear before an Article III judge or consent to proceed before a magistrate judge.

[2] *Back v. Carter*, 933 F. Supp. 738, 748 (N.D. Ind. 1996) ("To [order consolidation]" would force the parties in this case to proceed in front of the magistrate *against their will*." (emphasis added)); Docket, *Back v. Carter*, (attached hereto as *Exhibit A*) at 7, Docket Entry 22, Nov. 16, 1995 ("NOTICE OF NON-CONSENT TO US Magistrate Judge"); *Solannex, Inc. v. Miasole, Inc.*, No. 11-cv-00171-PSG, (doc. 123) at 2:15–16, (N.D. Cal. May 23, 2012) (not selected for publication) (attached hereto as *Exhibit B*) (recognizing that one of the parties "filed a declination to proceed before a magistrate judge" in the higher-numbered case to be consolidated into a lower-numbered case where all parties had already consented to magistrate judge jurisdiction).

[3] *Black v. Allegheny Cnty.*, No. 2:13-cv-179-CRE, slip. op. (doc. 250) (W.D. Pa. Apr. 20, 2015) (not selected for publication) (attached hereto as *Exhibit C*).

[4] *Desch v. Allegiant Air LLC*, No. CV 12-02504-PHX-FJM slip. op at 2 (doc. 7) (D. Ariz. Jan. 8, 2013) (attached hereto as *Exhibit D*).

3

12-02504-PHX-FJM, slip op. at 2 (doc. 7) (D. Ariz. Jan. 8, 2013). Second, if a request to consolidate were sent to all parties, it is not a foregone conclusion that Plaintiff Guild-Wolff would be the only party who might refuse. There is at least one additional Defendant in the *Guild-Wolff* case not in the *Perez-Tamayo* case, the Board of Education of the Davis School District. *Compare* Perez-Tamayo Compl. (doc. 2, case no. 15-157) *with* Guild-Wolff Am. Compl. (doc. 6, case no. 15-162). Counsel for the *Perez-Tamayo* plaintiffs has changed since the requests for consent were originally sent out. *See* Consent Form, *Perez-Tamayo* (doc. 19, case no. 15-0157) (May 10, 2016); *Entry of Appearance Perez-Tamayo* (doc. 22, case no. 15-0157) (June 8, 2016). Thus, with the changes in counsel and differences in parties from one case to the other, there will be sufficient assurances that any consent or refusal decision remains confidential.

Finally, Plaintiff Guild-Wolff suggests that the Court's procedure would "give rise to the appearance of judge shopping since both the judges in Joey's Lawsuit and this case would be replaced." Pl.'s Opp. (doc. 34) at 5 n.3. This is not the case. Of course, all parties could consent to Magistrate Judge Furse's jurisdiction, in which the standard rules of consolidation would apply. DUCivR 42–1. Alternatively, if one party refused consent, the case would go back in the draw for an Article III judge, which would also include Judge Shelby. There is no reason to believe there is judge shopping.[5]

Even though the parties have consented to a magistrate judge in *Perez-Tamayo*, and even

---

[5] In fact, any other method of consolidation is more likely to appear to be judge shopping. *Cf. Bryant v. Wuerl*, Nos. 16-cv-213-pp, 15-cv-1568-nj, 2016 WL 3676464, at *2 (E.D. Wis. July 6, 2016) (assigning Article III judge to review consolidation into the higher numbered case, in contradiction to the standard practice of the district).

though Plaintiff Guild-Wolff has yet to be asked if he consents to the same jurisdiction, this Court may review the motion to consolidate. The *Perez-Tamayo* case's procedural posture is not a jurisdictional or a practical bar to the motion.

## II. Consolidation Is Warranted on the Merits.

These two cases should be consolidated to avoid unnecessary waste of judicial resources and to avoid inconsistent rulings. As stated in Defendants' original motion, the requirements of DUCivR 42–1 are met. The cases arise from substantially the same transaction or event. Both cases are brought against essentially the same Defendants. Discovery required in both cases will be nearly identical. And the legal claims are essentially the same.

Plaintiff Guild-Wolff argues that the cases should not be consolidated because "the [alleged] effect of Ms. Altice's [alleged] conduct on the plaintiffs and the resulting damages are unique to each plaintiff." Pl.'s Opp. at 7. Yet, differences in damages is not a reason, in and of itself, to deny consolidation. *Lane v. United States*, Nos. 90-4228-S, 90-4229-S, 1991 WL 105204, at *1–2 (D. Kan. May 28, 1991) (not selected for publication) (rejecting arguments opposing consolidation that alleged victims of an accident asserted different theories and measures of damages); *see* 9A *Charles Alan Wright, et al.*, Fed. Prac. & Proc. Civ. § 2384 (3d ed. & Supp. 2016) ("Consolidation is not barred simply because the plaintiffs may be relying on different legal theories or because there are some questions that are not common to all the actions …."); *cf. Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978) (refusing to reverse order denying consolidation where "the relief sought *varied substantially*, the named Defendants were being sued in different capacities, and [the original movant] completely failed to establish that which would be gained by

5

consolidation").

Plaintiff Guild-Wolff alleges some factual differences between the relationships between each Plaintiff and Ms. Altice. However, these differences are not sufficient to warrant separate proceedings. The legal causes of action brought by both plaintiffs focus almost entirely on the actions of the Davis District and its administration—allegations of failure to train, supervise, provide a harassment-free educational environment, and violations of each plaintiffs' Fourteenth Amendment rights. These legal claims involve what the Defendants did as administrators, and what they actually knew, and what facts existed that put them on actual notice. *E.g.*, *Gebster v. Lago Visa Indep. Sch. Dist.*, 524 U.S. 274, 289, 292–93 (1998) (identifying the mental state required to hold a Title IX funds recipient liable for the harassment of its employees). The alleged facts related to this notice are nearly identical between the two Plaintiffs' complaints. *Compare* Perez-Tamayo Compl. (doc. 2, case no. 15-0157) ¶¶ 25, 26, 30, 31, 34, 36, 38, 39, 40, 41, 42, 47, *with* Guild-Wolff Am. Compl. doc. 6, case no. 15-162) ¶¶ 25, 26, 27, 32, 33, 35, 39, 40, 44, 45, 46, 47, 48. The effect of the alleged actions of Ms. Altice on each Plaintiff are less consequential to evaluating the legal claims than the knowledge, procedures, and actions taken by the District and some of its administrative staff in this case.

Finally, if any of Plaintiff Guild-Wolff's speculative theories about what might be confusing to the jury play out in discovery, they can be alleviated by ordering separate trials (before the same judge who can make consistent rulings on the scope of trial, the evidence submitted, the instructions to be provided, and the sufficiency of the evidence). Fed. R. Civ. P. 42(b). Thus, the differences highlighted by Plaintiff Guild-Wolff are insignificant in the overall

context of the claims and factual assertions in both cases.

However, the consequences of not ordering consolidation are serious. Defendants have asserted governmental immunity to Plaintiffs' state tort claims. Compare, *e.g.,* Third Am. Defense, Joint Defs.' Ans., (doc. 9, case no. 15-157) at 17, *with* Third Am. Defense, Joint Defs.' Ans., *Guild-Wolff* Case No. (doc. 19, case no. 15-162) at 21. Defendants have asserted qualified immunity to Plaintiffs' constitutional claims. *Compare*, *e.g.,* Seventh Am. Defense, Joint Defs.' Ans. (doc. 9, case no. 15-157) at 18, *with* Seventh Am. Defense, Joint Defs.' Ans., *Guild-Wolff* (doc. 19, case no. 15-162) at 22. Defendants anticipate asserting that they had insufficient knowledge of any inappropriate behaviors to warrant liability under Title IX. And Defendants expect to raise these defenses both in dispositive motions and, if necessary, at trial. If the Court does not consolidate these actions, separate judges will have to independently review all pleadings, perform the necessary research, and draft opinions on identical issues.[6] There would be a risk for inconsistent rulings on the same legal claims with nearly identical sets of facts, and Defendants would be faced with defending the same case very differently. Judicial resources might further be wasted if qualified immunity is denied and an interlocutory appeal is taken in one case, but not in another. And, of course, if one plaintiff were to prevail in one case and another not under what appears at this time to be the same factual circumstances, manifest injustice would occur.

Therefore, even though the parties have agreed to consolidated discovery, the risk of

---

[6] Plaintiff Guild-Wolff suggests that dispositive motions could be heard at the same time to avoid some inefficiency. Pl.'s Opp. at 8 n.4. While such a consolidation would avoid counsel preparing for and attending multiple hearings, it would save few resources. Both judges would have to prepare, and both judges would have to independently write opinions. Further, the risk of inconsistent verdicts would still remain.

7

wasted judicial resources and inconsistent verdicts warrants consolidation of the two cases.

Defendants respectfully request that the Court grant their motion and order the cases consolidated.

DATED this 21st day of October, 2016.

SEAN D. REYES
Utah Attorney General


/s/ Kyle J. Kaiser
KYLE J. KAISER
Assistant Utah Attorney General
Attorneys for the State Defendants

## CERTIFICATE OF SERVICE

Pursuant to Utah R. Civ. P 5(b)(1)(A)(i), I certify that on October 21, 2016, I electronically filed the foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE**, using the Court's electronic filing system and caused to be served by U.S. mail, postage pre-paid, a true and correct copy of the foregoing to:

Brianne Altice #222952
Utah State Prison
P.O. Box 250
Draper, UT 84020-0250

In addition, we served the following via email:

Karthik Nadesan
*karthik@nadesanbeck.com*

/s/ *Mandi Bartlett*

8